MAR'QUISE PEET-WILLIAMS,

                Plaintiff,

v.                                                                   Case No. 20-cv-420-pp

ARQUEAY HAMILTON, AMY WORNER,
JANE DOE #1, and JOHN DOE #1,

                Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE

       Mar'Quise Peet-Williams, formerly an inmate at Waupun Correctional Institution[1] who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants—his parole agent, other probation staff and an individual who accused him of sexual assault—violated his civil rights by revoking his parole based on false allegations. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 4, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 4)**

       The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h).

---

[1] The Wisconsin Department of Corrections Inmate Locator web site indicates that the plaintiff was released to extended supervision on June 2, 2020. https://appsdoc.wi.gov/lop/detail.do. The court reminds the plaintiff that it is his responsibility to notify the court when his address changes.

The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 9, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $0.60. Dkt. No. 9. The court received that fee on April 30, 2020. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include

2

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges defendant Amy Worner was his parole agent from 2016 to 2019. Dkt. No. 1 at 3. He says on August 8, 2017, he was revoked for "false sexual assault allegations pertaining to [defendant] Arqueay Hamilton," who allegedly gave false testimony and made false statements. Id. The plaintiff states that defendant Worner failed to properly investigate the allegations and that she retaliated against him from "prior verbal disagreements and uncooperation [sic]." Id. at 3-4. He states that defendant Jane Doe #1 "failed to properly assist worker/staff with basic procedures and training" and that defendant Hamilton falsely testified about being raped and verbally assaulted. Id. The plaintiff also alleges that defendant John Doe #1 didn't let the plaintiff

3

use certain evidence during the October 2017 revocation hearing finding him guilty "off incredible testimony and inadmissible evidence." Id. at 4. The plaintiff alleges that during Hamilton's testimony and statements, she falsely stated that she had been raped and verbally assaulted. Id. at 3-4. The plaintiff says that, as a result, he has suffered "false imprisonment, humiliation, pain and suffering, deliberate indifference, defamation of character [and] emotional distress causing PTSD." Id. at 4. For relief, he seeks $100,000 in punitive damages. Id. at 5.

C. Analysis

The plaintiff contends that his revocation and revocation hearing were unconstitutional—were illegal—because of the defendants' actions. Defendant Worner allegedly failed to investigate defendant Hamilton's false allegations which resulted in the plaintiff's revocation. The plaintiff seems to allege that Worner acted, or failed to act, out of animosity to the plaintiff based on prior disagreements. He contends that, as a result of the defendants' actions, he was found guilty based inadmissible evidence and falsely imprisoned.

The court first notes that the civil rights statute—42 U.S.C. §1983—allows a plaintiff to sue someone who violated his rights while acting "under color of state law." In other words, it allows a plaintiff to sue a state official who violated his constitutional rights while that official was performing his or her job. The plaintiff has not alleged that Arqueay Hamilton was a state employee or official. It appears that Hamilton was a citizen who alleged that the plaintiff assaulted her while he was under supervision. Because the plaintiff has not

4

alleged that Hamilton was a state actor acting under color of state law, the court will dismiss Hamilton as a defendant.

With regard to the plaintiff's allegations against Worner and the two Doe probation staff, the court must ask whether, if it rules in the plaintiff's favor, that ruling "would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994). If so, this court must dismiss the plaintiff's §1983 complaint. That is because §1983 allows people to sue for certain, specific kinds of "torts"—personal injuries. Id. at 483 (citations omitted). The Supreme Court has held that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ." Id. at 485. Finding in the plaintiff's favor on his claims would necessarily imply the invalidity of his parole revocation.[2]

If the plaintiff wants to challenge the validity, or legality, of his revocation, he can try to exhaust his state court remedies, then challenge the "validity of [his] confinement" by filing a petition for a writ of *habeas corpus* under 28 U.S.C. §2254. Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). The court will dismiss the plaintiff's complaint without prejudice. If the plaintiff decides to file a federal habeas petition under 28 U.S.C. §2254, he will have to demonstrate that he has "exhausted" his remedies, and he must make sure that he timely files his petition under 28 U.S.C. §2244(d). The court will mail the plaintiff a *pro se*

---

[2] Even if the plaintiff did not have a Heck issue, he probably would not be able to recover against the probation/parole employees because of qualified immunity.

guide, Habeas Corpus: Answers to State Petitioners' Common Questions, along with this order.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

The court **ORDERS** that the plaintiff must pay the **$349.40** balance of the filing fee as he is able.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 21st day of January, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**